**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KORTO ROBERTS, | : |
| | : CIVIL ACTION NO. 09-2168 (MLC) |
| Plaintiff, | : |
| | : **MEMORANDUM OPINION** |
| v. | : |
| | : |
| ALBERT RICHARDS, | : |
| | : |
| Defendant. | : |

**COOPER, District Judge**

The plaintiff, Korto Roberts ("plaintiff"), brought this action alleging liability on the part of the defendant, Albert Richards ("defendant") for an injury she sustained as a guest during a party at the defendant's home. (Dkt. entry no. 1, Compl.) The defendant now moves for summary judgment in his favor. (Dkt. entry no. 13, Mot. for Summ. J.) The plaintiff opposes the motion. (Dkt. entry no. 17, Pl. Br.) Jurisdiction exists pursuant to 28 U.S.C. § 1332. (Compl. at 1.) The Court determines the motion on the briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure ("Rule") 78(b). For the reasons stated herein, the Court will grant the motion.

BACKGROUND

The defendant hosted a party at his residence on July 26, 2008, to celebrate his birthday and the independence day of his

native country.  (Dkt. entry no. 13, Def. Stmt. of Material Facts at ¶ 2.)  The party was held both outdoors and in the basement of the house, where there was music and dancing.  (Id. at ¶ 3.)  The plaintiff, who was dating the defendant's nephew at the time, had never been to the defendant's home before the day of the party.  (Dkt. entry no. 13, Rigby Aff., Ex. A, Richards Dep. at 8:11-21; dkt. entry no. 17, Riso Aff., Ex. A, Roberts Dep. at 21:12-15.)

The plaintiff was wearing sandals with a strap and a two-inch wooden heel at the party.  (Roberts Dep. at 21:1-11.)  Around midnight, as she went to walk from the interior of the house down the stairs to the basement to dance, her heel caught on the carpet and she fell from the top of the stairs to the bottom.  (Roberts Dep. at 21:16-22:6, 23:13-24:13, 26:6-18, 75:3-5.)  The stairs were carpeted in a thick-pile carpet, and the plaintiff testified that there was no railing or banister to the stairway leading into the basement.  (Roberts Dep. at 24:14-21, 25:14-25, 36:4-5.)[1]  The plaintiff also testified that while there were lights at the bottom of the stairs, there was no light at the top of the stairs where she began her fall.  (Roberts Dep. at 27:6-16.)  The defendant testified that both the top and the

---

[1] When presented with a picture of the stairway during her deposition, the plaintiff testified that she could not remember seeing the banister depicted along the open side of the stairway at the time of her fall. (Roberts Dep. at 32:2-24; Rigby Aff., Ex. C.)

bottom of the stairway were lighted during the party.  (Richards Dep. at 24:1-4, 25:3-12.)

## DISCUSSION

### I. Summary Judgment Standard

The standard for a motion for summary judgment is well-settled and will be briefly summarized here.  Rule 56(c) provides that summary judgment is proper if the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  In making this determination, the Court must "view[] the record in the light most favorable to the non-moving party and draw[] all inferences in that party's favor."  <u>United States ex rel. Josenske v. Carlisle HMA, Inc.</u>, 554 F.3d 88, 94 (3d Cir. 2009) (citing <u>Abramson v. William Patterson Coll.</u>, 260 F.3d 265, 276 (3d Cir. 2001)).

### II. Analysis

The plaintiff claims that the defendant breached the duty of care a host owes to a social guest as to conditions on the host's property.  (Compl. at 2-4.)  The parties do not dispute the applicable standard of care.  A property owner "must warn a social guest of any dangerous conditions of which the owner had actual knowledge and of which the guest is unaware."  <u>Hopkins v.</u>

Fox & Lazo Realtors, 625 A.2d 1110, 1113 (N.J. 1993). But a property owner "is not required to provide greater safety on his premises for a social guest than he would for himself." Parks v. Rogers, 825 A.2d 1128, 1131 (N.J. 2003). "If the guest is aware of the dangerous condition <u>or by a reasonable use of his faculties would observe it</u>, the host is not liable." Berger v. Shapiro, 152 A.2d 20, 25 (N.J. 1959) (emphasis added).

Even accepting, as we must at the summary judgment stage, the plaintiff's averments that there was no light source at the top of the stairs or that there was no handrail on the open side of the stairway, the plaintiff alleges that the cause of her injury was the fact that her heel became hooked on the allegedly "defective," thick-pile carpet. (Compl. at 2.)[2]

We find that a thick-pile carpet, in and of itself, is not a dangerous or hidden condition warranting a warning from a property owner to a social host. The plaintiff has introduced no evidence beyond her bare assertions that the carpet was defective as to its pile or its installation. The fact that the carpet consisted of a "thick pile" could have been and in fact was observed by the plaintiff through the use of her own faculties.

---

[2] We would find the issue of the existence <u>vel non</u> of the handrail on the open right side of the stairway to be immaterial in any event, because the plaintiff testified that she braced herself against the wall comprising the left side of the staircase as she fell. (Roberts Dep. at 74:20-75:2.)

(Roberts Dep. at 25:18-25 ("The carpet was like . . . thick, something you . . . would feel like you're walking on carpet. When you're walking, you feel the carpet is thick.").) The plaintiff further testified that she "could see the individual strands coming up" from the carpet, indicating not only that the carpet may have been a shag-style carpet but also that she was in fact on notice of the type of carpet covering the stairway and the landing above it as she initiated her descent. (Roberts Dep. at 25:23-25.)

Accordingly, we find that the law imposed no duty on the defendant to warn the plaintiff with regard to the pile of the carpet, the condition of which was open and obvious rather than hidden and dangerous. The Court will enter judgment in favor of the defendant.

## CONCLUSION

The Court, for the reasons stated <u>supra</u>, will grant the defendant's motion for summary judgment. The Court will issue an appropriate order and judgment.

    s/Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:   October 13, 2010

5